## COBB *vs.* EDMONDSON.

1. Suit being brought in the name of a trustee who is removed, his successor may be substituted upon motion, and the cause proceed.
2. A husband is not a competent witness to testify in respect to the separate estate of his wife, who is a direct beneficiary of the action, although not a party to the record.

Assumpsit, in Whitfield Superior Court. Tried before Judge CROOK, at October Term, 1859.

This was an action originally brought by Peyton L. Wade, trustee of Mrs. Sarah A. Powell, against Jacob L. Cobb, on

Cobb *vs.* Edmondson.

an account for flour sold and delivered to defendant, amounting to $79 00.

Upon the trial, plaintiff introduced, as a witness to prove the sale and delivery of the flour, Jacob S. P. Powell, the husband of Sarah A. Powell, *cestui que trust.* Defendant objected to the witness on the ground of incompetency, he being the husband aforesaid. (It appeared that the flour was the product of the separate estate of Mrs. Powell, of which Wade was trustee.) The Court overruled the objection, and allowed the witness to be sworn. To which ruling defendant excepted.

Plaintiff having closed, defendant moved for a non-suit, upon the ground that, since the commencement of the action, Wade, the trustee, had been removed and Edmondson appointed in his stead, but not made a party plaintiff ; and that the action could not be carried on, or maintained in the name of the removed trustee, Wade. Whereupon, plaintiff's counsel moved to amend the declaration by striking out the name of Wade, and inserting the name of Edmondson, as plaintiff

The Court refused the motion for non-suit, and allowed plaintiff to amend his declaration as proposed, and counsel for defendant excepted.

The jury found for the plaintiff, and counsel for defendant moved for a new trial, upon the ground of error in the rulings and decisions aforesaid, which motion for new trial the Court refused, and counsel excepted and assigns said refusal as error.

M. CUTCHEON, for plaintiff in error.

JESSE A. GLENN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It was no error in the Court to substitute, upon motion, the name of the new trustee, in the place of the former trustee—Peyton L. Wade—any more than it would be one *prochiem ami,* or guardian *ad litem,* in lieu of another, which is the every-day practice. The Act of 1859 expressly authorizes it. It was the law before.

As to the second error assigned, we are clear that Mr.

Powell, the husband, was not a competent witness to testify, in respect to the separate estate of his wife, although she was not the party to the record, but yet the direct beneficiary of the suit; and all the authorities concur upon this point. (1 *Greenleaf. Ev., sec.* 341. 1 *Burr*, 424; 4 *F. Rep.*, 668; 5 *Beav.*, 443; 6 *Bin.*, 483; 2 *Stark on Co., Part* 1, 550, 551.) He is excluded, not so much on the score of interest and the temptation to commit perjury, but upon a great ground of public policy—the preservation of domestic peace and conjugal confidence.

For admitting the evidence of Mr. Powell, the husband, the judgment of the Circuit Court must be reversed.